UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VIRGIL DEAN ST. PIERRE,

                Petitioner,

vs.                              Case No.  2:03-cv-360-FtM-29DNF
                                 Case No. 2:96-cr-75-FTM-29DNF

UNITED STATES OF AMERICA,

                Respondent.

_____/

## OPINION AND ORDER

This matter comes before the Court on defendant Virgil Dean St. Pierre's (St. Pierre or petitioner) Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1)[1], filed on July 1, 2003. On August 8, 2003, petitioner filed an Emergency Amendment to Above Case (Cv. Doc. #6) providing exhibits "to prove to the Court that the Government committed 'Fraud To The Court' to get a Conviction and Judgment against the Petitioner." On October 2, 2003, the government filed a Response in Opposition (Cv. Doc. #15). Petitioner then filed a Response (Cv. Doc. #16) and a Corrected Response (Cv. Doc. #17). The Court will consider the exhibits filed by petitioner, but finds no evidentiary hearing is necessary.

_____

[1]Unless otherwise specified, docket numbers referring to the criminal case are cited as (Cr. Doc.) and docket numbers referring to the civil case are cited as (Cv. Doc.).

As a preliminary matter, the Court notes that petitioner completed term of incarceration and then completed his supervised release on October 17, 2004.  St. Pierre filed the Petition while he was under supervised release, which is sufficient to constitute being "in custody" under the habeas corpus statute.  <u>Maleng v. Cook</u>, 490 U.S. 488 (1989); <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998); <u>United States v. Brown</u>, 117 F.3d 471, 475 (11th Cir. 1997). Additionally, the collateral consequences of the convictions prevent the case from being moot.  <u>Spencer</u>, 523 U.S. at 7-8.

## I.

On August 22, 1996, petitioner was named in a twenty-count Indictment (Cr. Doc. #2) charging a scheme to defraud investors/lenders through the use of the mails.  On September 18, 1996, the government filed a Superseding Indictment (Cr. Doc. #26) adding ten counts of money laundering charges.  The case presented a classic "Ponzi scheme," which the government has accurately described (Cv. Doc. #15, pp. 3-10) and which will not be repeated here.

Petitioner pled not guilty and proceeded to trial.  Counts Nine, Eleven, and Thirteen were dismissed during trial by the government.  Petitioner was found guilty of Counts One through Eight, Ten, and Fourteen through Thirty; petitioner was found not guilty of Count Twelve.  By Special Verdict Form (Cr. Doc. #180), the jury found that petitioner's properties should be forfeited.

On November 17, 1999, the day of sentencing, a Stipulation was filed in which petitioner (and his co-defendant companies) waived their right to appeal the sentence and conviction and agreed not to oppose the forfeiture if petitioner's sentence did not exceed 71 months imprisonment. (Cr. Doc. #356). At sentencing, the court granted a substantial downward departure (from a Sentencing Guidelines range of 121 to 151 months) and sentenced petitioner to a term of 71 months imprisonment, 36 months supervised release, restitution of $2,061,750.00, and a special assessment of $1,350.00. The Judgment in a Criminal Case (Cr. Doc. #366) was filed on November 19, 1999.

Petitioner filed a Notice of Appeal (Cr. Doc. #374) on December 3, 1999. On March 30, 2001, after a limited remand by the Eleventh Circuit Court of Appeals on March 19, 2001 (Cr. Doc. #444), the undersigned deemed the Notice of Appeal to be timely filed.

On June 2, 2003, the Eleventh Circuit Court of Appeals granted the government's motion to dismiss the appeal with prejudice based upon the appeal waiver contained in the Stipulation. (Cr. Doc. #519). On July 1, 2003, petitioner filed this timely Petition seeking § 2255 habeas relief.[2]

---

[2]On July 3, 2003, the Magistrate Judge returned petitioner's Petition finding that he was no longer in custody. On July 17, 2003, the matter was reconsidered, the Order (Cr. Doc. #520) was vacated, and the Clerk was directed to file the Petition as if filed on July 1, 2003.

Although petitioner previously filed numerous § 2255 petitions and other motions which were either returned or dismissed,[3] the requests were all prematurely filed before trial or during the pendency of the direct appeal.   The Court finds that this is petitioner's first actual habeas petition.

**II.**

Construed liberally, petitioner makes the following arguments: (1) Evidence used to obtain his convictions was obtained pursuant to an unlawful search and seizure because the facts used to obtain a search warrant were misrepresented to the judge; (2) evidence used to obtain his convictions was obtained pursuant to his unlawful arrest; (3) the United States Attorney's Office (USAO) and Federal Bureau of Investigation (FBI) misrepresented facts to the grand jury to obtain the Indictment and Superceding Indictment; (4) the USAO and FBI conspired and committed fraud by failing to disclose discovery to the defendant, and otherwise "covered up" evidence favorable to petitioner; (5) his convictions violated his right against double jeopardy; (6) the USAO committed fraud to cause his sentence to be enhanced under the Sentencing Guidelines; and (7) his trial attorney provided ineffective assistance by

---

[3]On October 25, 1999, a standing Order was entered in 2:99-89-MISC-T barring petitioner from any further filings in the criminal case until first reviewed by a United States Magistrate Judge.   The undersigned reiterated this on April 4, 2003 and included the filing of any additional civil cases (Cr. Doc. #515).

failing to file evidence establishing petitioner's innocence and failing to file a timely appeal.  (Cv. Doc. #1).

**A.**

The threshold inquiry is whether the claimed errors are cognizable in a § 2255 proceeding.  <u>Lynn v. United States</u>, 365 F.3d 1225, 1233 (11th Cir.), <u>cert. denied</u>, 125 S. Ct. 167 (2004). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." <u>Lynn</u>, 365 F.3d at 1232 (quoting <u>Richards v. United States</u>, 837 F.2d 965, 966 (11th Cir. 1988))(internal quotation and citation omitted).

The issue concerning the alleged misrepresentation of facts to the grand jury in order to obtain the Indictment is not cognizable in a § 2255 proceeding.  It is not a constitutional issue, it could have been raised on direct appeal, and in light of the subsequent jury verdict it would not result in a complete miscarriage of justice if condoned.  <u>United States v. Mechanik</u>, 475 U.S. 66, 70 (1986)(petit jury's subsequent guilty verdict renders "any error in the grand jury proceeding connected with the charging decision [ ] harmless beyond a reasonable doubt."); <u>United States v. Brown</u>, 574 F.2d 1274, 1275-76 (5th Cir. 1978)[4](defendant's protection from

_____

[4]In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to (continued...)

-5-

one-sided grand jury proceeding is a trial on the merits); <u>United States v. DiBernardo</u>, 775 F.2d 1470, 1476 (11th Cir. 1985)(trial provides the remedy for arguably false testimony before grand jury).

Additionally, the issue concerning whether the USAO committed fraud to cause his sentence to be enhanced under the Sentencing Guidelines is not cognizable in a § 2255 proceeding.  It is not a constitutional issue, but rather a matter of the interpretation of the Sentencing Guidelines.  It could have been raised on direct appeal.  <u>Martin v. United States</u>, 81 F.3d 1083, 1084 (11th Cir. 1996)("Because a defendant has the right to directly appeal a sentence pursuant to the Sentencing Guidelines, the defendant is precluded from raising Guidelines issues in collateral proceedings under § 2255.")  <u>See</u> <u>also</u> <u>Montemoino v. United States</u>, 68 F.3d 416, 417 (11th Cir. 1995).  It would not result in a complete miscarriage of justice if condoned.  Indeed, the record establishes that the sentence was not enhanced, but rather petitioner received a substantial downward departure from the guidelines in order to reach the stipulated 71 months imprisonment.  The sentencing Statement of Reasons (Cr. Doc. #366) shows a total offense level of 31; a criminal history category II; an imprisonment range of 121-151 months; and a supervised release range of 2-3 years. (Cr. Doc. #366, p. 6; Cr. Doc. #456, p. 132).  Thus, the alleged sentencing

---

[4](...continued)
the close of business on September 30, 1981.

error does not constitute a fundamental defect which inherently results in a complete miscarriage of justice or is inconsistent with the rudimentary demands of fair procedure.  Burke v. United States, 152 F.3d 1329, 1331 (11th Cir. 1998).

**B.**

Even assuming these two issues were cognizable, petitioner has procedurally defaulted all issues and has not shown cause and prejudice or actual innocence.

Generally a defendant must assert an available issue on direct appeal or be procedurally barred from raising the issue in a § 2255 proceeding.  United States v. Montano, 398 F.3d 1276, 1280 (11th Cir. 2005); Lynn, 365 F.3d at 1232, 1234; McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001), cert. denied, 536 U.S. 906 (2002); Greene v. United States, 880 F.2d 1299, 1305 (11th Cir. 1989), cert. denied 494 U.S. 1018 (1990).  "This rule generally applies to all claims, including constitutional claims." Lynn, 365 F.3d at 1234.  An issue is "available" on direct appeal when its merits can be reviewed without further factual development. Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994), cert. denied, 514 U.S. 1112 (1995).  It is well settled that a motion under § 2255 is an extraordinary remedy and will not be allowed to substitute for a direct appeal.  Bousley v. United States, 523 U.S. 614, 621 (1998); Lynn, 365 F.3d at 1232.  This is because "[o]nce a defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted,

-7-

especially when, as here, he already has had a fair opportunity to present his federal claims to a federal forum." <u>United States v. Frady</u>, 456 U.S. 152, 164 (1982).

All of the issues raised by petitioner are issues that were available and could have been raised on direct appeal. Petitioner, however, knowingly and voluntarily waived his right to appeal both his conviction and sentence in exchange for a sentence of 71 months imprisonment. On or about the date of sentencing, petitioner (with his co-defendant companies) entered into a Stipulation with the government providing as follows:

> Assuming that defendant, Virgil Dean St. Pierre's ultimate sentence in this case does not exceed 71 months, defendants hereby waive their right to appeal such sentence as well as their conviction in this case and further agree not to oppose the government's Motion for Final Order of Forfeiture filed in this proceeding on November 12, 1999.

(Cr. Doc. #356). During the sentencing colloquy, the sentencing judge read the Stipulation to petitioner and questioned him as to whether the Stipulation was entered into knowingly and voluntarily:

> THE COURT: . . . You have entered into this stipulation knowingly, is this correct?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Voluntarily?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: And with advice of counsel?
>
> THE DEFENDANT: Yes, Your Honor.

-8-

(Cr. Doc. #456, pp. 141-142). Petitioner was then sentenced to 71 months imprisonment. The Eleventh Circuit upheld the validity of the waiver and granted the government's motion to dismiss petitioner's direct appeal with prejudice. (Cr. Doc. #519). The waiver provision encompasses all grounds in the petition.

Even considering the validity of the waiver provision anew[5], the Court finds that the appeal waiver was clearly knowing and voluntary under United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993), cert. denied, 513 U.S. 1051 (1994), and its progeny. Therefore, the appeal waiver is proper and effective. United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir. 2005). Having validly waived his right to a direct appeal, petitioner is foreclosed from raising in a collateral habeas proceeding issues which could have been asserted in a direct appeal.

### C.

A valid sentence appeal waiver precludes petitioner from attempting to attack the sentence, in a collateral proceeding, through a claim of ineffective assistance of counsel during

---

[5]A § 2255 proceeding cannot be used to relitigate questions which were raised and considered on direct appeal. United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000)("The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal."), cert. denied, 531 U.S. 1131 (2001); United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981). Therefore, in most cases, prior disposition of an issue on direct appeal precludes further review in a subsequent § 2255 proceeding. Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994), cert. denied, 514 U.S. 1112 (1995).

sentencing.  <u>Williams v. United States</u>, 396 F.3d 1340, 1342 (11th Cir. 2005).   Here, the valid appeal waiver related to both conviction and sentence, and therefore petitioner is precluded from attacking either the conviction or sentence in this proceeding through a claim of ineffective assistance of counsel.

It is arguable, however, that the ineffective assistance of trial counsel issue can be raised in a § 2255 proceeding even where petitioner could have raised the issues on direct appeal but failed to do so.   <u>See</u> <u>Massaro v. United States</u>, 538 U.S. 500 (2003). Therefore, the Court will address the merits of this issue.

The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984).   <u>See also</u> <u>Florida v. Nixon</u>, 125 S. Ct. 551 (2004); <u>Wiggins v. Smith</u>, 539 U.S. 510 (2003); <u>Williams v. Taylor</u>, 529 U.S. 362 (2000).   A court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."   <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 477 (2000) (quoting <u>Strickland</u>, 466 U.S. at 690).   This judicial scrutiny is "highly

-10-

deferential." Id.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90.  An attorney is not ineffective for failing to raise a meritless issue. United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).  In light of the general principles and presumptions applicable to ineffective assistance of counsel claims, the cases in which habeas petitioners can prevail are few and far between.  Chandler v. United States, 218 F.3d 1305, 1313-14 (11th Cir. 2000)(en banc), cert. denied, 531 U.S. 1204 (2001).

Petitioner claims ineffective assistance of trial counsel by failure to introduce evidence of innocence.  A review of the proceedings at trial show this to be untrue.  Petitioner's counsel "objected aggressively to evidence;" six witnesses testified on behalf of petitioner; the government called several witnesses that presented testimony favorable to petitioner; witnesses testified as to the legitimacy of petitioner's businesses; a witness testified that her father received a return on his investment principal; and petitioner himself testified.  (Doc. #15, pp. 18-20).  To demonstrate ineffective assistance, petitioner must show that counsel's representation fell below an objective standard of reasonableness, and perfection is not required. Chandler v. United States, 218 F.3d 1305, 1313-1318 (11th Cir. 2000).  The Court finds that petitioner has failed to show that trial counsel was ineffective or that counsel's representation fell below the

-11-

standard of reasonableness required by <u>Strickland</u>.   <u>See</u> <u>Johnson v. Alabama</u>, 256 F.3d 1156, 1171 (11th Cir. 2001).

To the extent that petitioner asserts a claim of actual innocence based on the Affidavits submitted post-trial, petitioner must show "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence presented in his habeas petition." <u>Calderon v. Thompson</u>, 523 U.S. 538, 559 (1998)(internal quotations and citation omitted).  The new evidence "must in fact be newly discovered and . . . [petitioner] must have exercised due diligence in discovering the evidence. . . . It must not be merely cumulative or impeaching." <u>United States v. Gentile</u>, 495 F.2d 626, 634 (5th Cir. 1974)(quoting <u>United States v. Jacquillon</u>, 469 F.2d 380 (5th Cir. 1972)).  Petitioner's arguments are based on evidence that he asserts should have been presented at trial and the evidence is not purported to be new.  To the extent that petitioner asserts that the Affidavits filed in post-conviction civil cases and as attachments to the instant petition are "new evidence," the Court finds that the Affidavits are not material such that a reasonable juror would not have convicted him. Additionally, petitioner has not demonstrated due diligence for failure to assert the additional evidence earlier.  Therefore, petitioner could not establish prejudice or actual innocence.

Petitioner's claim that his attorney was ineffective by failing to file a timely notice of appeal is without merit because, even if counsel's performance was deficient the notice of appeal

was deemed timely filed.  Therefore, there can be no prejudice to petitioner.

### D.

Additionally, it is arguable that the double jeopardy issue can be raised in a § 2255 proceeding because it may go to the jurisdiction of the court.  The lack of subject matter jurisdiction is cognizable in a § 2255 proceeding because such jurisdictional matters can always be raised by some vehicle.  United States v. Cotton, 535 U.S. 625, 630 (2002)(because jurisdiction means the court's statutory or constitutional power to adjudicate a case, "defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court."); United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002)(jurisdictional error "can never be waived by parties to litigation."); Harris v. United States, 149 F.3d 1304, 1308 (11th Cir. 1998)(jurisdictional defects cannot be procedurally defaulted).

While petitioner asserts that his convictions violate double jeopardy, he makes no specific argument.  Petitioner has not identified any former jeopardy, and there is nothing in the record which indicates any of his convictions violate his right against double jeopardy.  Jeopardy never attached on the original Indictment, so conviction on the Superceding Indictment did not violate double jeopardy.  To the extent that petitioner may argue that the forfeiture violates double jeopardy, the argument if

clearly without merit.  <u>United States v. Boatner</u>, 966 F.2d 1575, 1581 n. 9 (11th Cir. 1992).  To the extent that petitioner asserts double jeopardy based on the assignment of criminal history points to reach a category II, this argument was summarily rejected in <u>Witte v. United States</u>, 515 U.S. 389, 399 (1995).  <u>See also</u> <u>United States v. Iacullo</u>, No. 04-11020, 2005 WL 1604976, *8 (11th Cir. July 7, 2005).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.  Petitioner's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #1) is **DENIED.**

2.  The Clerk shall enter judgment accordingly, file a copy of this Opinion and Order in the criminal case, and close the civil file.

**DONE AND ORDERED** at Fort Myers, Florida, this __1st__ day of September, 2005.

JOHN E. STEELE
United States District Judge

Copies:
Petitioner Virgil Dean St. Pierre
AUSA

-14-