UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VIRGIL  DEAN ST. PIERRE,

                Petitioner,

vs.                              Case No.  2:03-cv-360-FtM-29DNF
                              Case No. 2:96-cr-75-FTM-29DNF

UNITED STATES OF AMERICA,

                Respondent.
_____/

## OPINION AND ORDER

This matter comes before the Court on petitioner's Request for Court to Reverse Opinion and Order or Appeal Ruling That Court Errored [sic] (Doc. #23), filed on October 4, 2005.  Petitioner seeks to reverse the Court's September 1, 2005, Opinion and Order (Doc. #21) denying petitioner's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  Petitioner also seeks to transfer the case to Seattle, Washington District Court "[s]o petitioner can prove that Courts, Government, and all petitioners lawyers errored [sic]."

As an initial matter, the request to transfer will be denied. Petitioner has not demonstrated that venue is proper in the State of Washington, and mere allegations of error are insufficient to justify a transfer.

As to petitioner's request to "reverse," the Court will construe this as a motion to reconsider.  Petitioner appears to

simply disagree with the Court's findings but provides no basis otherwise for reconsideration of the findings in the Opinion and Order.  Having reviewed the matter and finding no basis under Fed. R. Civ. P. 60(b), the motions will be denied.

In the alternative, to the extent that petitioner seeks to "appeal ruling," the Court will consider the Request as a Notice of Appeal and direct that the appeal be processed.

Under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability issues.  The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  Specifically, where a district court has rejected a prisoner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000); Peoples v. Haley, 227 F.3d 1342 (11th Cir. 2000).  When the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack, 529 U.S. at 484; Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam), cert. denied, 121 S. Ct.

1738 (2001).   "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." <u>Miller-El v. Cockrell</u>, 537 U.S. at 336.

The Court denied petitioner habeas relief under § 2255 on procedural grounds.  The Court finds that petitioner has failed to show that jurists of reason would find that the Court was incorrect in its procedural rulings.   Therefore, the certificate of appealability will be denied.

Accordingly, it is now

**ORDERED**:

1.   Petitioner's Request for Court to Reverse Opinion and Order or Appeal Ruling That Court Errored (Doc. #23) is **DENIED** as to the request to reverse, construed as a request for reconsideration, and **GRANTED** to the extent that petitioner wishes to appeal.

2.   The Clerk shall separately docket the Request for Court to Reverse Opinion and Order or Appeal Ruling That Court Errored [sic] (Doc. #23) as a Notice of Appeal and process the appeal accordingly.

3.   The request for a certificate of appealability, construed from the Notice of Appeal, is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __26th__ day of October, 2005.

JOHN E. STEELE
United States District Judge

-3-

Copies:
USCA
Parties of Record